
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT RICHARD JONES,

              Petitioner - Appellant,

   v.

JASON ELLIS, Warden,

              Respondent - Appellee.

No. 12-35318

D.C. No. 1:09-cv-00132-MHW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Submitted November 17, 2014[**]
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]   After examining the appellant's brief and the appellate record, the panel unanimously concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f).

Robert Richard Jones appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253,[1] and affirm.

**1.** We review the last reasoned state court decision, *see Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003), to determine if it was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d) (2). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted).

**2.** The Idaho Court of Appeals' rejection of Jones' claim under *Napue v. Illinois*, 360 U.S. 264 (1959), was not unreasonable. A conviction may not be obtained "through use of false evidence, known to be such by representatives of the State . . . . The same result obtains when the State, although not soliciting false

---

[1] With the parties' consent, a magistrate judge conducted all proceedings below. *See* 28 U.S.C. § 636(c)(1); *see also* 28 U.S.C. § 636(c)(3) (providing for appellate jurisdiction).

evidence, allows it to go uncorrected when it appears." *Id.* at 269 (internal citations omitted). Jones argued that the rule in *Napue* was violated because a prosecution witness lied when testifying that he had not finalized a deal with prosecutors. But the record confirms that the witness had not yet finalized a deal with the prosecutors.

**3.** The Idaho court's rejection of Jones' claim under *Brady v. Maryland*, 373 U.S. 83 (1963), also was not unreasonable. The "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." *Id.* at 87. Suppressed evidence is material if "'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Although the information about the witness's parole hearing should have been disclosed, *see Giglio v. United States*, 405 U.S. 150, 154-55 (1972), the Idaho court was not unreasonable in concluding that there was no reasonable probability that disclosure would have changed the outcome.

**4.** The Idaho Court of Appeals was also not unreasonable in denying Jones' ineffective assistance of counsel claim. A defendant asserting ineffective assistance of counsel must show both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and "that the

deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Without both, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* The Idaho court reasonably concluded that Jones failed to show that counsel was deficient in cross-examining the prosecution's witness or that a different examination would likely have changed the result.[2]

**AFFIRMED.**

---

[2] The respondent's motion to strike Jones' Excerpts of Record Volume III is granted. "Save in unusual circumstances," this court considers "only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).